UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-81413-DMM

ISAAC JEROME HAYES,

Plaintiff,

v.

CITY OF RIVIERA BEACH, *et al.*,

Defendants.

_____________________________________________/

**REPORT AND RECOMMENDATION ON SECOND AMENDED COMPLAINT AND MOTIONS TO DISMISS [ECF Nos. 76, 79, 82]**

Plaintiff Isaac Jerome Hayes, proceeding *pro se* and *in forma pauperis*, sues more than eighty Defendants for over twenty causes of action. ECF Nos. 12, 76. Defendants City of Riviera Beach, Jonathan Evans, Doug Lawson, Michael Colmen, Jaiden Simon, Corey Tate, Sheriff Ric Bradshaw, and the Palm Beach County Sheriff's Office (together, "Defendants") move to dismiss the Second Amended Complaint (together, "Motions"). ECF Nos. 79, 82. The Motions are fully briefed. ECF Nos. 85, 86, 87, 88. This matter has been referred to me for a report and recommendation. ECF No. 55. I recommend the Motions be GRANTED and the case be DISMISSED *with prejudice*.

## I. PROCEDURAL POSTURE

Mr. Hayes filed a Complaint at the end of last year for violation of his rights, including various Constitutional rights. ECF No. 1. The Complaint sued four defendants: City of Riviera Beach, Officer Ramsey, Officer Torres, and Officer Jane Doe. *Id.* Simultaneously, Mr. Hayes moved to proceed *in forma pauperis*, which was ultimately granted. ECF Nos. 3-10, 12. I screened his Complaint, determined it was a shotgun pleading, and ordered Mr. Hayes to file an Amended Complaint. ECF No. 13. Mr. Hayes filed and served the Amended Complaint. ECF Nos. 14, 25-30, 34-35. The Amended Complaint sued the City of Riviera Beach, Officer Cenet, Officer Simon, Officer Tate, Michael Colmen, Johnathan Evans, Doug Lawson, Palm Beach County Sheriff's Office, Sheriff Ric Bradshaw, and other Defendants for various violations of his rights under the Constitution and *Monell* liability, among other claims. ECF No. 14. Defendants Palm Beach County Sheriff's Office and Sheriff Ric Bradshaw moved to dismiss the Amended Complaint, and Mr. Hayes filed a Motion for Leave to File his Third Amended Complaint.[1] ECF Nos. 43, 44, 50.

At that time, Defendant Sheriff Ric Bradshaw opted out of Magistrate Judge Jurisdiction, and the case was reassigned to Judge Middlebrooks. ECF Nos. 51-53. Judge Middlebrooks referred the case to me for disposition on pre-trial non-dispositive matters, and a report and recommendation on dispositive matters. ECF No. 55. Subsequently, I reviewed the proposed Second Amended Complaint, and

[1] Despite being labeled the Third Amended Complaint, the filing is the Second Amended Complaint and will be referred to accordingly.

determined it was a shotgun pleading, but granted leave for Mr. Hayes to file a separate Second Amended Complaint. ECF No. 62. In the order, I told Mr. Hayes, "This will be his last chance to file an amended complaint." *Id.* at 10. Mr. Hayes filed the Second Amended Complaint bringing claims against over eighty defendants and over twenty causes of action. ECF No. 76. Defendants have moved to dismiss the Second Amended Complaint. ECF Nos. 79, 82.[2]

## II. LEGAL BACKGROUND

### A. *Pleading Standards*

A pleading seeking relief in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this pleading requirement, a complaint must provide the defendant fair notice of plaintiff's claim and the grounds upon which it rests. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Further, Federal Rule of Civil Procedure 10 requires, "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10 (b).

While a claim "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me

[2] The remaining defendants named in the Second Amended Complaint have not been served.

accusation"). Nor can a claim rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U. S. at 678 (quoting *Twombly*, 550 U. S. at 557 (alteration in original)). Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the claim are true (even if doubtful in fact). *Twombly*, 550 U. S. at 555 (citations omitted).

B. *Motion to Dismiss*

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted if the plaintiff fails to state a claim for which relief can be granted. When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pled factual allegations in the complaint, as well as all attachments thereto, and evaluates all plausible inferences derived from those facts in favor of the plaintiff. *See Iqbal*, 556 U.S. at 678; *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

For a *pro se* plaintiff, "complaints should be construed more liberally than pleadings drafted by lawyers." *Boyle v. TracFone Wireless, Inc.*, No. 23-14100, 2024 WL 3691859, at *1 (11th Cir. Aug. 7, 2024) (per curiam); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed"). Still, "a court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

When a *pro se* plaintiff's complaint does not adequately allege facts to survive a motion to dismiss, "[b]efore dismissing a pro se party's complaint, a district court must explain the deficiencies in the pro se party's complaint and provide them with at least one opportunity to amend their complaint." *Dixon v. Florida*, No. 25-10325, 2026 WL 18006, at *1 (11th Cir. 2026) (per curiam) (citing *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1292 (11th Cir. 2018)). Thereafter, the district court can dismiss an action with prejudice. *Silberman v. Mia. Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (citing *Woldeab*, 885 F.3d at 1290, 1291). Still, an "'extra dose of grace' is '*not* warranted' if amendment would be futile." *Toussaint v. United States Att'ys Off.*, No. 24-10116, 2025 WL 2237376, at *5 (11th Cir. Aug. 6, 2025) (per curiam) (citing *Silberman*, 927 F.3d at 1133).

C. *Shotgun Pleading*

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Complaints that violate Rule 8(a)(2) are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320, 1323 (11th Cir. 2015) (ruling that shotgun pleadings are "altogether unacceptable"). Shotgun pleadings violate Rule 8(a)(2), by "fail[ing] to one degree or another . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."). *Id.* The Eleventh Circuit has identified four types of shotgun pleadings:

> The most common type . . . is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to

> be a combination of the entire complaint. The next most common type . . . is a complaint that [is] replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the [complaint that] assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321-23. Should a complaint be a shotgun pleading, the "district court can dismiss [a] complaint on shotgun pleading grounds under its 'inherent authority to control its docket and ensure the prompt resolution of lawsuits.'" *Sutherland v. City of Pembroke Pines*, No. 25-CV-60723, 2025 WL 3055139, at *3 (S.D. Fla. Oct. 15, 2025) (citing *Halbig v. Lake Cnty.*, No. 23-11875, 2024 WL 470420, at *2 (11th Cir. Feb. 7, 2024) (per curiam)).

D. *Fictitious Party Pleading*

Generally, "fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam). There is a "limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Id.* (quoting *Dean v. Barber*, 951, F.2d 1210, 1215-16 (11th Cir. 1992)). "The description of a defendant is sufficiently specific when it is clear enough to allow service of process on a defendant." *Gautam v. Broward Cnty.,* No. 25-CV-61218, 2025 WL 4750626, at *2 (S.D. Fla. Oct. 6, 2025) (quoting *Castle v. Cobb Cnty., Ga.*, No. 22-12156, 2023 WL 3772501, at *1 (11th Cir. June 2, 2023) (per curiam)), *report and recommendation adopted*, 2025 WL 4750631 (S.D. Fla. Oct. 20, 2025).

## III. DISCUSSION

Defendants argue the Second Amended Complaint is a shotgun pleading. ECF Nos. 79, 82. I agree.

To begin, the Second Amended Complaint violates Federal Rule of Civil Procedure 8. Mr. Hayes filed a seventy-two-page Second Amended Complaint. ECF No. 76. Of these pages, sixty contain the factual allegations to support his causes of action; only the remaining twelve pages discuss the facts as they relate to the counts. *Id.* As pled, I do not find that the Second Amended Complaint provides a short and plain statement of the claims. In fact, the Second Amended Complaint discusses seemingly irrelevant facts, including Mr. Hayes' sister losing her home due to a mortgage-backed securities scheme and a change in the personality of City Council member "Mrs. Miller" since her son's life was threatened. *Id.* at 13, 21, 29.

Second, the Second Amended Complaint violates Federal Rule of Civil Procedure 10. The Second Amended Complaint contains numbered paragraphs until page thirty-four, stopping at paragraph 176. ECF No. 76. Then, the Second Amended Complaint bolds dates and proceeds to explain "**THE 145+ DOCUMENTED INCIDENTS**" for over twenty pages. *Id.* at 34-58 (emphasis in original). On page fifty-eight, the Second Amended Complaint begins to number its paragraphs again, beginning at paragraph 177. *Id.* at 58. Assuming Mr. Hayes intended the twenty-four pages of incidents to be considered as part of his claims,[3] this format is improper. All

[3] Because Mr. Hayes is a *pro se* Plaintiff and all inferences are taken in the light most favorable to the non-moving party, I liberally construe the Second Amended

litigants, including *pro se* plaintiffs, are required to follow procedural rules. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Third, the Second Amended Complaint pleads claims against "**Doe Defendants**," including "**JOHN/JANE DOES 1-20**" who are "unknown individuals who participated in the unconstitutional conduct described herein." ECF No. 76 at 12 (emphasis in original). No further information is provided about these Defendants. There is insufficient information explaining where these Defendants work or reside, or other information that would allow for their service.

As well, the Second Amended Complaint pleads claims against "**MARINA WORKERS (Does 2-7)**" and "**JOHN DOE #8**" who are Marina workers that "activated sprinklers" while Mr. Hayes' belongings were nearby. *Id.* at 9 (emphasis in original). Other than indicating that these individuals are employed by the Marina, the Second Amended Complaint also does not provide sufficient identifying information about these Defendants for service. As a result, these Defendants are not properly pled fictitious parties.

Fourth, the Second Amended Complaint spends sixty pages—through 189 paragraphs—describing the factual allegations that support Mr. Hayes' claims. *Id.* at 1-60. In the following pages, the causes of action are asserted against the applicable Defendants. *Id.* at 61-72. In the pages discussing the counts, few paragraphs plead additional facts to support the counts. *Id.* Notably, the first numbered paragraph

---

Complaint and assume Mr. Hayes would want twenty pages of facts to be considered.

under each count is the same and says, "Plaintiff incorporates paragraphs 1-189." *Id.* ¶¶ 190, 194,197, 200, 203, 206, 210, 213, 216, 219, 222, 225, 228, 232,236, 239, 242, 248, 253, 259, 265. By making this statement, the Second Amended Complaint effectively pleads all facts against all Defendants. However, Counts II, III, IV, VI, VIII, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX, XX, and XXI are not brought against all Defendants. *Id.* at 60-72.

For example, Count VI is pled against the "**City of Riviera Beach,** [the **Riviera Beach Police Department], Fire Department, Coleman, Lawson, Evans, State of Florida,** [and] **Governor DeSantis**." *Id.* at 62 (emphasis in original). Like all counts, it incorporates paragraphs 1-189. *Id.* ¶206. Yet, paragraph 149 discusses actions of the FBI and CIA. *Id.* ¶149. Similarly, paragraphs 119 and 120 discuss the actions of Michael Coleman, James Comey, Larry Fink, and George Soros. *Id.* ¶¶119, 120. As well, the actions of Jeffrey Epstein, Keith James, Benjamin Netanyahu, and Bill Gates, among others, are incorporated into this count. *Id.* ¶¶99, 101, 102, 103. Further, the paragraphs pled under Count VI state: (1) the paragraphs are incorporated; (2) "[t]he constitutional violations were caused by municipal and state customs, policies, and practices;" (3) there is joint and several liability between two of the Defendants named on this count; and (4) a demand of $290 million. *Id.* at 62. This pattern is improper and a similar pattern is repeated throughout the counts in the Second Amended Complaint. Thus, I find Defendants do not have a clear understanding of the facts pled against them.

Fifth, the Second Amended Complaint pleads conclusory statements

unsupported by facts. For example, it says, "Each time Plaintiff has been incarcerated at the Palm Beach County Jail, he has been subjected to hazardous, uninhabitable conditions that violate the Eighth and Fourteenth Amendments" and "State inspectors have declared the facility uninhabitable on multiple occasions, yet . . . [prisoners have continued being housed there]." *Id.* ¶¶114, 115. These statements do not provide the requisite facts to support the conclusory statements, such which jail Mr. Hayes references, or the problematic conditions. As a result of the unidentified conditions, Mr. Hayes says, "The State of Florida and Palm Beach County owe Plaintiff separate damages for each day he was incarcerated in hazardous conditions" without providing statutory support. *Id.* ¶118.

Another example is a discussion of the contents of two unidentified manuals: one that is "beyond the scope of the basic manual" and, presumably, the basic manual. *Id.* ¶¶134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144. A final example is the claim that electronic devices have been listening and responding to his thoughts since 2011 without explaining how he knows this fact, nor providing examples. *Id.* ¶148. As a result, the Second Amended Complaint fails to provide adequate notice to Defendants of the actions supporting the claims being brought.

Sixth, the Second Amended Complaint does not always specify which Defendants are responsible for the acts pled. For example, the Second Amended Complaint says, "Defendants failed to investigate" and "Defendants engaged in a sustained campaign of harassment." *Id.* at ¶¶175, 189. Yet, these statements do not clarify which Defendants are referenced. Further, the Second Amended Complaint

also pleads that "Unknown Police vandalized campsite," "Unknown police patrol units parked outside library to intimidate parked for hours," and "[Officer Name] ticketed Plaintiff . . ." *Id.* at 37, 52 (alteration in original). Because all paragraphs are incorporated into all Counts, this deficiency is particularly problematic. Without further specificity, I find the Second Amended Complaint does not provide adequate notice to Defendants of the actions they are defending. Therefore, the Second Amended Complaint is a shotgun pleading.

**REPORT AND RECOMMENDATION**

Accordingly, this Court **RECOMMENDS** that the District Court GRANT the Motions, and DISMISS the action against all Defendants *with prejudice*.

**NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Donald Middlebrooks, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and**

**Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 7th day of October 2026.

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE